UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK,<br><br>                                   Plaintiff,<br><br>v.<br><br>N. SCHARR, *et al.*,<br><br>                                   Defendants. | Case No.:  3:19-cv-2110-DMS-DEB<br><br>**ORDER:**<br><br>**(1) RESETTING TELEPHONIC MANDATORY SETTLEMENT CONFERENCE;**<br><br>**(2) GRANTING MOTION TO EXCUSE APPEARANCE OF INDIVIDUAL DEFENDANTS; and**<br><br>**(3) DENYING REQUEST FOR CDCR COUNSEL TO BE ON TELEPHONIC STANDBY**<br><br>**[ECF No. 38]** |

On April 5, 2021, Magistrate Judge Daniel E. Butcher referred the Mandatory Settlement Conference ("MSC") in this matter, as well as the related Ex Parte Application to Excuse Appearance of Defendants and to Allow Counsel Appearing on Behalf of CDCR to Appear Telephonically at the MSC (ECF No. 38), to the undersigned. ECF No. 42.

Accordingly, **IT IS ORDERED** that the MSC will be held on **May 17, 2021** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard. Since Plaintiff is incarcerated in

a penal institution, the MSC will take place telephonically for all attendees. Although the Court has tentatively reserved the date and time with the Richard J. Donovan Correctional Facility, counsel for Defendant must contact the correctional facility to make any further arrangements necessary to ensure Plaintiff's appearance by telephone.

The Court authorizes the parties to call the chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code on the day of the conference.

The Court issues the following **Mandatory Procedures** to govern the MSC:

1.     Full settlement authority is required. A party or party representative with **full and complete authority to enter into a binding settlement** must be present at the Settlement Conference.  Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).  **A person who needs to call another person who is not present before agreeing to any settlement does not have full authority.**

2.     Each side must prepare a Settlement Conference Statement, which will be served on the opposing party and lodged with the Court no later than **May 10, 2021**. Defendant's Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Plaintiff's Statement may be mailed to:

**Chambers of Magistrate Judge Allison H. Goddard**
**221 West Broadway, Suite 3142**
**San Diego, California 92101**

3:19-cv-2110-DMS-DEB

The Settlement Conference Statement shall not exceed 10 pages of text and 20 pages of exhibits. Exhibits must be bookmarked within the .pdf file sent by Defendants. The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules, which require the Statement to include:

    A.    <u>Substance of the Suit</u>

        i.    A brief statement of the facts of the case.

        ii.    The claims and defenses, including the statutory or other grounds upon which the claims are founded.

        iii.    A summary of the proceedings to date, including a list of the motions previously made, their dispositions, and any pending motions.

        iv.    A statement of facts not reasonably in dispute.

        v.    A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

        vi.    Any discrete issue that, if resolved, would facilitate the resolution of the case.

        vii.    A brief statement of the issues of law with respect to liability and damages. The statement must be supported by legal authority, but extended legal argument is not necessary.

    B.    <u>Relief Sought</u>. A statement of the relief sought, including an itemization of damages and any other non-monetary relief.

    C.    <u>Settlement Discussions/Proposal and Response</u>. Except to the extent prohibited by applicable rules of privilege, describe the history and status of any settlement negotiations.

In addition, the parties must submit the following information *either* in the Settlement Conference Statement *or* the Confidential Settlement Letter (discussed in Paragraph 3 below):

A.      Settlement Analysis:

       i.      For each principal claim and defense, a forthright evaluation of the strengths, weaknesses, likelihood of prevailing, and key legal authorities.

       ii.      The party's perspective regarding why parties' assessments of the settlement value of the case differ.

B.      Litigation Costs: A statement of litigation costs and attorney fees incurred to date, as well as the estimated costs, fees, and time projected for further discovery, pretrial proceedings, and trial. If a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed.

C.      Other Information: Include any other information that might be pertinent to settlement, including the following:

       i.      What needs of your client must be met for the parties to reach a settlement?

       ii.      What needs of the opposing party must be met to reach a settlement?

       iii.      A description of the main obstacles (factual, legal, or other) to reaching agreement, and what might be done to solve them.

       iv.      Do you have enough information to discuss settlement and, if not, what additional information is needed?

       v.      What are the consequences to each side if no settlement is reached?

D.      A realistic settlement figure or terms that, given all the circumstances, the party submitting the Confidential Settlement Letter would consider seriously.

E.      Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want

4

addressed.

3.     Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **May 10, 2021**. Defendants must lodge the Letter in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff's Statement may be mailed to:

**Chambers of Magistrate Judge Allison H. Goddard**
**221 West Broadway, Suite 3142**
**San Diego, California 92101**

Should a party choose to prepare a Letter, it **may not exceed 5 pages of text**. The substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules, outlined above in Paragraph 2.

Additionally, on March 10, 2021, Defendants filed an *ex parte* motion asking that they be excused from attending the MSC. ECF No 38. The named Defendants are a correctional officer, a correctional sergeant, two correctional lieutenants, and an associate warden working at the Richard J. Donovan Correctional Facility. *Id.* at 2. Defendants explain that the facility would suffer hardship by having to call in replacements for all Defendants to attend the MSC at the same time, and that their presence will not facilitate settlement. *See id.* at 1-3. Significantly, the attorney appearing on behalf of California Department of Corrections and Rehabilitation ("CDCR") has authority to enter into settlement agreements on behalf of all Defendants. *Id.* at 2.

Because defense counsel will have full settlement authority, and in consideration of the reasons of hardship stated in the motion, the Court **GRANTS** the request to excuse the appearance of the individual Defendants.

However, in the *ex parte* motion, Defendants also request that the attorney for CDCR who has settlement authority be permitted to appear by telephone standby. *Id.* at 1, 3. In support, Defendants explain that the attorney appearing on behalf of CDCR is stationed in Sacramento and oversees numerous litigation matters, and that it would thus be "a hardship

3:19-cv-2110-DMS-DEB

for that attorney to be unavailable to the tend to the State's business while traveling to San Diego and attending the settlement conference." *Id.* at 3.

To the extent the Defendants are requesting that the attorney with full settlement authority be available on telephonic standby, rather than attending the entire MSC telephonically, that request is **DENIED**. The Court finds that Defendants have not established good cause to excuse the telephonic attendance of a representative with full settlement authority. The stated basis for hardship is moot given that the MSC will take place telephonically. While the Court acknowledges that the CDCR representative will have to set aside time to appear by video, that same time would have to be set aside in order to be immediately available by phone during the conference. Further, during an MSC, the Court spends a significant amount of time shuttling back and forth between the breakout rooms for each party, which gives each side plenty of breaks to make phone calls, check and respond to email, and attend to other matters. Most importantly, as set forth above, the Court requires the attendance of a person with full settlement authority in part because such person's view of the case may be altered during the face-to-face conference. *Supra* ¶ 1. Given this important benefit associated with real-time attendance, the Court will deny the request to permit the CDCR representative with full settlement authority to be on telephonic standby, rather than attending telephonically.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' *ex parte* Application (ECF No. 38). Defendants are excused from telephonic attendance at the ENE, but counsel for the CDCR with full settlement authority must attend the MSC by telephone.

**IT IS SO ORDERED**.

Dated:  April 9, 2021

Honorable Allison H. Goddard
United States Magistrate Judge