UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOCK,<br><br>                          Plaintiff,<br><br>v.<br><br>N. SCHARR, Sgt.; et al.,<br><br>                        Defendants. | Case No.: 19-CV-2110-DMS<br><br>**ORDER REVIEWING AND DECLINING TO CONSTRUE PLAINTIFF'S OBJECTION AS A MOTION TO ALTER OR SEEK RELIEF FROM JUDGMENT** |

This case is currently before the Court for review of Plaintiff's Objection to Judgment and Notice of Appeal to the Ninth Circuit (ECF No. 55), to determine whether it constitutes a motion covered by Federal Rule of Appellate Procedure 4(a)(4). For the foregoing reasons, the Court finds that Plaintiff's filing does not constitute a motion under Rule 4(a)(4) and, in the alternative, if the filing is construed as a motion, Plaintiff does not meet the standard for reconsideration of or relief from judgment under the Federal Rules of Civil Procedure 59(e) or 60.

**I.**

**BACKGROUND**

Robert McCullock ("Plaintiff" or "Mr. McCullock") is a prisoner currently incarcerated at the California Mens Colony located in San Luis Obispo, California. Proceeding pro se and in forma pauperis ("IFP"), he brought a civil action pursuant to 42 U.S.C. § 1983 alleging Richard J. Donovan Correctional Facility ("RJD") prison officials violated his Eighth Amendment rights when they failed to protect him from an attack by

another inmate. (ECF No. 1 at 4-6.) On December 3, 2019, the Court granted Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) and screened his Complaint before service as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), further dismissing one Defendant sua sponte. (ECF No. 6.)

Defendants filed an Answer on February 18, 2020 (ECF No. 22) and then a Motion for Summary Judgment on February 12, 2021. (ECF No. 35.) The Court notified Plaintiff of the requirements for opposing summary judgment pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and set a briefing schedule. (ECF No. 36.) Plaintiff filed his Opposition on April 2, 2021 (ECF No. 40) and Defendants filed their Reply on April 2, 2021. (ECF No. 41.) The Court took Defendants' Motion for Summary Judgment under submission for resolution on the papers pursuant to S.D. CAL. CIVLR 7.1.d, and ultimately granted the motion, entering final judgment on July 17, 2021. (ECF No. 52.) The Court found that Plaintiff failed to provide specific factual allegations or evidence to support his claims. (*See id.*)

On July 27, 2021, Plaintiff-appellant timely filed both a notice of appeal and an "objection to judgment." (ECF Nos. 54, 55.) On October 22, 2021, the Ninth Circuit issued an order noting that Plaintiff-appellant's filing may be a request for consideration that would constitute one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4). (ECF No. 59.) The Ninth Circuit stayed its review of Plaintiff's appeal pending the District Court's consideration of whether Plaintiff-appellant's filing constituted a motion covered by Rule 4(a)(4). (*Id.*)

## II.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(4) covers the effect of a motion on a notice of appeal, and states in pertinent part that:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion

2

>(iv) to alter or amend the judgment under Rule 59; …
>(v) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4.

Federal Rule of Civil Procedure 59(e) states that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-cv-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("A motion for reconsideration may not be used to get a second bite at the apple.").

Federal Rule of Civil Procedure 60 covers relief from judgments or orders, and states in 60(b) that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for:

>"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

3

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). The "catchall provision" in 60(b)(6) applies only when the reason for granting relief is not covered by any of the other reasons enumerated in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). It "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).

## III.

## DISCUSSION

**A. Plaintiff-appellant's filing does not constitute a motion under Federal Rule of Appellate Procedure 4(a)(4)**

While Plaintiff-appellant Mr. McCullock's filing includes numerous grounds for the basis of his objection to the ruling, none constitute a motion to alter or amend the judgment. Rather, they appear to be the reasons that he seeks an appeal. First, Mr. McCullock notes he "was not allowed to participate at trial." (ECF No. 55 at 1.) However, the summary judgment motion was properly decided under submission on the papers, per Local Rule 7.1.d, as indicated in the order granting summary judgment. (ECF No. 52 at 2.) As such, there was no hearing in which Mr. McCullock could participate, and the granting of summary judgment prevented the case from proceeding to trial. Mr. McCullock's disagreement with the valid form of the proceedings in his case does form the basis of a motion to alter or amend the judgment.

Second, Mr. McCullock states "There was no motion by defendants attorney but magistrate taking their place." (ECF No. 55 at 1.) Defendants did properly file their own motion for summary judgment. (ECF No. 35.) Mr. McCullock was notified of the requirements for opposing summary judgment pursuant to *Klingele*, 849 F.2d 409 and *Rand*, 154 F.3d 952 (ECF No. 36), and indeed filed an Opposition. (ECF No. 40.) The

4

notice provided to Mr. McCullock also indicated that if the motion for summary judgment was granted, it would "end your case." (ECF No. 36 at 1.) Thus, this argument is contrary to the record and cannot form the basis of a motion to alter or amend the judgment.

Third, Mr. McCullock avers that, during a settlement conference, a Magistrate Judge agreed to stay proceedings pending the implementation of a bill impacting criminal debt. (ECF No. 55 at 1.) While settlement conference proceedings are confidential, and thus the Court will not inquire further into the settlement discussions held in this case, in any event the power to stay a case rests with the District Judge. *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (holding Magistrate Judge had no authority to stay a case absent the parties' consent on the record for the Magistrate to exercise such authority). No motion to stay was ever made in this case. Thus, this statement again appears contrary to the record and cannot form the basis of a motion to alter or amend the judgment.

Finally, Mr. McCullock states he is filing a "notice of appeal, and objection to Judgment." (ECF No. 55 at 1.) Merely stating an objection, without more detail, does not provide enough information to constitute a motion to alter or seek relief from the judgment. The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment." *Kilgore v. Colvin*, No. 2:12-cv-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013). Thus, a Rule 59(e) motion must have some basis beyond a mere disagreement with the outcome. Similarly, relief under Rule 60 can only be granted on the enumerated grounds or an articulation of another "reason that justifies relief," none of which are offered in Mr. McCullock's filing. Fed. R. Civ. P. 60(b)(6).

As Mr. McCullock's objection to the judgment provides no information on the grounds on which he seeks to alter, amend, or seek relief from the judgment, it is not appropriately construed as a motion under Federal Rule of Appellate Procedure 4(a)(4), but rather remains only a timely-filed appeal of this Court's decision.

/ / /

**B. Even construing the objection as a Rule 59(e) or Rule 60 motion, Plaintiff-appellant does not meet the standards for relief**

In the alternative, even if the Court construes Mr. McCullock's language of "objection to judgment" as a Rule 59(e) or Rule 60 motion, there are no grounds on which to alter or seek relief from the judgment in this case.

1. Rule 59(e)

Mr. McCullock has not pointed to, and the Court is not aware of, (1) newly discovered evidence, (2) clear error or manifest injustice by the Court, or (3) an intervening change in controlling law. *See Ybarra v. McDaniel*, 656 F.3d at 998 (9th Cir. 2011). The Court is cognizant of the harm Mr. McCullock suffered when attacked by another inmate, and of the challenges in proceeding pro se. However, the Court's granting of summary judgment was based on the lack of evidence provided by Plaintiff, in accordance with the standards of Federal Rule of Civil Procedure 56. An "objection" to the Court's ruling without further argument is not enough to create "a substantive change of mind by the court," *Tripati*, 845 F.2d at 206 n.1, which warrants the "extraordinary remedy" of granting a Rule 59(e) motion. *McDowell*, 197 F.3d at 1254 n.1. Thus, even if the Court construes Mr. McCullock's filing as a Rule 59(e) motion, the Court has no grounds on which to grant it.

2. Rule 60

Mr. McCullock has not pointed to, and the Courts is not aware of, any (1) mistake, or excusable neglect, (2) newly discovered evidence, or (3) fraud or misconduct by an opposing party. Fed. R. Civ. P. 60(b). The judgment is also not (4) void, nor has it (5) been satisfied or discharged, *id.*, and Mr. McCullock does not point to (6) any other reason that justifies the rare use of "an equitable remedy to prevent manifest injustice." *United States v. Washington*, 394 F.3d at 1157. Thus, even if Mr. McCullock's objection is construed as a motion for relief from judgment, it must be denied.

/ / /

/ / /

## IV.
## CONCLUSION

For the reasons set out above, Plaintiff-appellant's objection to judgment does not constitute a motion covered by Federal Rule of Appellate Procedure 4(a)(4). Even if the objection is construed as a motion under Federal Rule of Civil Procedure 59(e) or 60, the Plaintiff-appellant has not articulated any grounds that would allow this Court to grant such relief.

**IT IS SO ORDERED.**

Dated:  February 5, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court