UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 02 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT J. MCCULLOCK,

        Plaintiff - Appellant,

v.

N. SCHARR, Sgt.; et al.,

        Defendants - Appellees.

No. 21-55804

D.C. No. 3:19-cv-02110-DMS-DEB
U.S. District Court for Southern California, San Diego

**MANDATE**

    The judgment of this Court, entered September 05, 2023, takes effect this date.

    This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    Costs are taxed against the appellant in the amount of $114.00.

                            FOR THE COURT:

                            MOLLY C. DWYER
                            CLERK OF COURT

FILED

SEP 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT J. MCCULLOCK, | No. 21-55804 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-02110-DMS-DEB |
| v. | |
| N. SCHARR, Sgt.; H. FERREL, Lt.; T. MARTINEZ, Capt.; J. JUAREZ, Associate Warden of "D" Yard, RJDFC; P. COVELLO, Warden; SMITH, Correctional Officer; DOES, 1-10 Correctional Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Submitted September 1, 2023**
San Francisco, California

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California prisoner Robert McCullock appeals pro se from the district court's summary judgment in favor of Defendants[1] in his 42 U.S.C. § 1983 action, in which he claimed that his constitutional rights were violated when he was housed with a cellmate who attacked him. *See* U.S. Const. amends. VIII & XIV. We review de novo,[2] and we affirm.

The district court did not err in entering summary judgment on McCullock's Eighth Amendment deliberate indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S. Ct. 1970, 1976–77, 128 L. Ed. 2d 811 (1994). At the time of the inmate's reassignment to McCullock's cell, there was no material evidence that he posed "'a substantial risk of serious harm'" to McCullock. *Norbert v. City & County of San Francisco*, 10 F.4th 918, 934 (9th Cir. 2021). That is, nothing in this record suggested that McCullock's having that cellmate "present[ed] an excessive risk to [his] health or safety" or was "sure or very likely to cause serious illness and needless suffering." *Id.* (internal quotation marks omitted); *see also Farmer*, 511 U.S. at 842–43, 114 S. Ct. at 1981–82; *cf. Wilk v. Neven*, 956 F.3d 1143, 1149 (9th Cir. 2020) (substantial risk of harm where inmate

---

[1] Defendants Scharr, Ferrel, Martinez, Juarez, and Smith. McCullock has not appealed the dismissal of his claims against Defendant Covello.

[2] *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

had threatened victim); *Cortez v. Skol*, 776 F.3d 1046, 1051–52 (9th Cir. 2015) (substantial risk of harm when undermanned guard transported inmates without leg restraints in a dangerous area of the prison, when inmates had engaged in harassing talk and one was in protective custody).[3]

Because there was no material evidence of a constitutional violation, we likewise affirm the district court's judgment as to McCullock's supervisory liability claim against the Defendants. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1158–59 (9th Cir. 2014).

We decline to consider issues raised for the first time on appeal[4] and "bare assertion[s]"[5] made in the opening brief.

**AFFIRMED.** McCullock's request for judicial notice (Dkt. 21) is **DENIED.**

---

[3] Summary judgment was also appropriate on McCullock's Fourteenth Amendment claim because his failure to adduce evidence of deliberate indifference is fatal to it. *See Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023).

[4] *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

[5] *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *see also* Fed. R. App. P. 28(a)(8).